Argued and submitted February 5, reversed and remanded June 19, 1996

## ATLANTA CASUALTY COMPANY,
*Respondent,*

*v.*

## Carolyn J. ORR,
## George H. Orr, and Blaine Kuhn,
*Appellants.*

(94 C 12855; CA A89462)

918 P2d 457

Edward T. Monks argued the cause for appellants. With him on the brief was Morrow, Monks & Sharp, P.C.

Lisa E. Lear argued the cause for respondent. With her on the brief were James D. Hibbard and Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Plaintiff Atlanta Casualty Company (Atlanta) brought this declaratory judgment action to establish that it has no obligation to defend or indemnify its insureds, defendants Carolyn and George Orr, in a wrongful death action brought by defendant Kuhn. On cross-motions for summary judgment, the trial court granted Atlanta's motion, denied defendants' motion and entered judgment accordingly. There is no dispute as to the facts; therefore, we review to determine whether summary judgment is appropriate as a matter of law, ORCP 47 C, and reverse.

The parties stipulated to the facts. George Orr went on a hunting trip with his two sons, David and Daniel, and nine-year-old Nicolas Kuhn, a family friend. On the morning of October 20, 1993, after spending the night camping, the group was preparing to go hunting. At least two guns had been placed in the front passenger area of Orr's pickup truck the previous night and were positioned with their butts on the floorboard and the barrels resting on the seat. George Orr was seated in the driver's seat and Nicolas Kuhn was seated outside the cab in the bed of the pickup, facing toward the rear of the vehicle. As David Orr was entering the passenger side of the vehicle, he shifted the guns over so that he would have room to sit down. As he moved them, the trigger assembly of a .30-30 rifle came into contact with the bolt of a 7.65 Mauser, causing the .30-30 to discharge accidentally. The bullet went through the seat and the cab and struck Nicolas in the back, fatally injuring him.

Defendant Kuhn, Nicholas' father, filed a wrongful death claim against defendants George and Carolyn Orr. At the time of the accident, the Orrs held an automobile insurance policy issued by Atlanta. The liability coverage provision of the policy provides, with certain exclusions not at issue, that

> "[Atlanta] will pay for damages, except punitive or exemplary damages, for which any **covered person** becomes legally responsible because of **bodily injury** and **property damage** arising out of the ownership, maintenance or use of an auto or trailer. * * * [Atlanta] will not be obligated to

defend, settle or pay any claim or any judgment not covered by this policy." (Boldface in original.)

Atlanta sought declaratory relief, alleging that under the terms of the policy, it was not obligated to defend or indemnify defendants Orr for any claims in connection with the accidental shooting. In allowing plaintiff's motion, the trial court concluded that there was no liability coverage under the policy because "the vehicle was the mere situs of the accident and * * * the injury was caused by the negligent handling of the firearm while a passenger was entering the vehicle, and not from the loading or unloading of the firearm." Defendants appeal, assigning error to the granting of plaintiff's motion and the denial of their motion for summary judgment.

The automobile insurance policy issued by Atlanta provides liability coverage for injuries that "arise out of" the use of the insured vehicle. We interpreted a similar provision, also in the context of an accidental shooting, in *Jordan v. Lee*, 76 Or App 472, 709 P2d 752 (1985), *rev den* 300 Or 545 (1986). In that case, two young children were put down for a nap inside a trailer where the insured had stored a handgun. One child found the gun and accidentally shot and injured the other child. We observed that the connection between the trailer's uses as a place to store the firearm and to sleep, and the accidental shooting was remote and "fortuitous." *Id.* at 475. In describing the degree of causation that must exist between the injury and the use of the insured vehicle, we held:

> "[A]n injury does not arise out of the use of an automobile when, as here, it was directly caused by some act wholly disassociated from and independent of the vehicle's use." *Id.* (footnote omitted).

Because the injury was caused by the child's mishandling of a gun, an act that was independent of the trailer's use, there was no coverage under the policy. *See also Carrigan v. State Farm*, 140 Or App 359, 914 P2d 1088 (1996) (injuries did not "result from" the use of a vehicle where third party intentionally shot insured outside of vehicle during car jacking); *Worldwide Underwriters Ins. Co. v. Jackson*, 121 Or App 292,

855 P2d 166, *rev den* 318 Or 26 (1993) (no coverage for injuries sustained during drive-by shooting; intentional act of firing of gun was independent of car's use to transport attacker to and from scene).

Turning to the facts of this case, the parties agree that using a vehicle to transport people, including the loading and unloading of passengers, constitutes a use covered by the policy. Atlanta contends that, as in *Jordan*, the injury did not "arise out of" that use because it was caused by the passenger's independent act of mishandling a weapon. We disagree. The accidental shooting was directly attributable to the passenger's act of getting into the vehicle. The passenger's act of shifting the weapons to make more room on the seat for his use was an incidental part of the entire loading process and did not constitute purposeful handling of the weapons.

We conclude that the causal relation between the fatal injury and the use of the vehicle is sufficient to invoke liability coverage under the policy issued by Atlanta. The trial court erred in granting Atlanta's motion for summary judgment and in denying defendants' motion.

Reversed and remanded for entry of declaratory judgment for defendants.